UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
UNITED STATES OF AMERICA

                                          MEMORANDUM
                                          &amp; ORDER

      -against-

                                          05 CR 46 (SLT)

HAYDEE BLANCO,

                Defendant.
--------------------------------------------------X
TOWNES, U.S.D.J.

      Defendant Haydee Blanco moves to sever Count Three from the instant indictment by reason of misjoinder, pursuant to Federal Rule of Criminal Procedure 8(a), and undue prejudice, pursuant to Rule 14(a). Because the Court finds that the narcotics-related counts (Counts One and Two) and the false statements count were improperly joined together in the indictment, the Court hereby severs the counts and orders that they be tried separately.

      Rule 8(a) permits joinder of separate offenses in a single indictment only where they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Government attempts to fit the offenses charged against Defendant into the third category, arguing that the "false statements and narcotics charges are linked by, and as a result of, a scheme by the defendant, together with others, to import drugs into the United States and to send the unlawful proceeds of the drug trade back to the Dominican Republic." (Govt. Mem. at 8.) The Government offers no direct proof of such a scheme, but instead infers its existence from the fact that the Defendant allegedly lied about bank transactions that she executed in early 2003 at a proffer session where she was being

questioned regarding the narcotics that she imported into the United States on September 26, 2004.

The Government relies on *United States v. Potamitis*, 739 F.2d 784, 791 (2d Cir. 1984), in arguing that joinder is appropriate. In *Potamitis*, 739 F.3d at 791, the court held that joinder of underlying substantive crimes with perjury counts is appropriate where "the false declarations concern the substantive offenses." In so holding, the Second Circuit cited its earlier decision in *United States v. Carson*, 464 F.2d 424, 436 (2d Cir. 1972), where the court held that joinder was permitted based on the "commonality of proof of the conspiracy and perjury crimes." The Second Circuit has repeatedly endorsed joinder where the same evidence is admissible to prove each count. *See United States v. Tubol*, 191 F.3d 88, 95 (2d Cir. 1999) (upholding joinder of robbery and gun possession charges where eyewitness testimony indicated that the robber was carrying a gun); *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991) (holding that joinder of narcotics and weapons charges was proper where the evidence showed that the defendant sold the drugs and guns to the same customers and attempted to pay for his gun purchases with cocaine). However, the Government has not shown that the evidence of Defendant's false statements would be admissible to prove the narcotics charge under Federal Rule of Evidence 404(b).

The Government argues that Defendant's alleged false statements regarding her bank account activity are admissible as "false exculpatory statements" demonstrating consciousness of guilt regarding the drug crimes. (Govt. Mem. at 9.) This is essentially what the court found in *Potamitis*, where the defendant perjured himself before a grand jury by denying his role in the robbery which formed the underlying substantive count. *See Potamitis*, 739 F.2d at 787. However, the notes of the proffer session submitted by the Government demonstrate that

Defendant's alleged false statements cannot be deemed "false exculpatory statements," as they did not occur in the context of Defendant trying to explain or justify her actions in importing the cocaine, but occurred instead as a result of the Government's separate and subsequent line of questioning regarding her bank accounts. The Government went into the proffer session armed with bank statements showing that deposits in the amounts of $5,000, $7,500, and $8,000 were made into Defendant's bank account between January and June 2003 and that the same amounts were later withdrawn and sent to the Dominican Republic. The Government views this account activity as suspicious due to its similarity to patterns found in money laundering cases, and would no doubt have questioned Defendant about it regardless of what she told them with respect to her involvement in the drug importation of September 26, 2004. The Government cannot turn an unrelated false statement into a "false exculpatory statement" demonstrating knowledge of wrongdoing simply by noting that the alleged false statement was made in the same proffer session as questioning regarding the substantive count, as the Government was in complete control of the timing of its questioning.

The Government further appears to argue that the false statements are admissible pursuant to Rule 404(b) because the underlying bank account activity goes to prove that the Defendant knew that she was transporting narcotics on September 26, 2004. The Government's reasoning is apparently that, since the bank activity from 2003 resembles money laundering patterns found in cases involving narcotics trafficking organizations, Defendant's 2004 importation of drugs into the United States is simply a further example of Defendant's intentional "scheme" to import illegal narcotics into this country. As the Government has shown no connection between Defendant's deposit and withdrawal activity in 2003, which is not inherently wrongful or illegal, and her arrest for importing cocaine in 2004, their "scheme"

theory is pure speculation and does not justify admission of the evidence. *See United States v. Afjehei*, 869 F.2d 670, 674-75 (2d Cir. 1989) (holding that evidence that a defendant had traveled abroad extensively was improperly admitted in his prosecution for heroin importation to show knowledge and intent under Rule 404(b) because there was no evidence that the prior trips were narcotics-related and, therefore, they did not make it any more likely that he knew that he was importing narcotics on this occasion).

As the Court finds that, based on the evidence submitted by the Government, the false statement and narcotics charges cannot properly be viewed as constituting part of a common plan or scheme for purposes of Rule 8(a), the false statement count must be severed and tried separately.

**SO ORDERED**.

                                                  S/
                                       SANDRA L. TOWNES
                                       UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
        April 26, 2005